# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BASEEM BROOKS,** | CIVIL ACTION |
| *Petitioner,* | |
| v. | No. 17-5604 |
| **MARK GARMAN, ET AL.,** | |
| *Respondents.* | |

FILED
JUL -8 2019
KATE BARKMAN, Clerk
By_____ Dep Cler'

## ORDER

**AND NOW**, this 8th day of July, 2019, upon careful and independent consideration of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1), and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski ("R&R") (Doc. No. 14), and Petitioner's Objections thereto (Doc. No. 19), I find as follows:

1. In 2009, Petitioner, Baseem Brooks, was convicted of, among other things, robbery and aggravated assault arising out of an armed home invasion.[1] Petitioner's conviction was affirmed on direct appeal by the Pennsylvania Superior Court, and the Pennsylvania Supreme Court denied direct review in 2012.

2. In 2012, Petitioner filed a petition for state collateral review under the Pennsylvania Post-Conviction Relief Act ("PCRA"). Following an evidentiary hearing, Petitioner's PCRA petition was dismissed. In 2017, the Pennsylvania Superior Court affirmed the dismissal of the petition, and the Pennsylvania Supreme Court denied review.

---

[1] The complete factual and procedural background of this matter is not recounted here, as it is fully set out in Judge Sitarski's Report and Recommendation. (See R&R 1–4.)

3. Thereafter, Petitioner initiated these federal habeas proceedings, *pro se,* raising three claims: (1) trial counsel was ineffective for failing to convey to Petitioner a plea offer made by the District Attorney; (2) the trial court failed to give a jury instruction regarding eyewitness identification, pursuant to the Pennsylvania Supreme Court's decision in Commonwealth v. Kloiber, 106 A.2d 820 (1954); and (3) the trial court "abused [its] discretion when it created a prima facie presumption by incorporating evidence of another charged crime into the instant case." (R&R 4.)

4. In her R&R, Judge Sitarski concluded that the first claim—that trial counsel was ineffective for failing to communicate a plea offer—failed because the PCRA court made a reasonable factual determination, after conducting an evidentiary hearing, that trial counsel did, in fact, convey the plea offer at issue to Petitioner. Judge Sitarski concluded that the remaining two claims failed because they merely allege violations of *state* law, which are not cognizable on *federal* habeas review. (See R&R 9–19.)

5. Petitioner has filed objections to the R&R, challenging only Judge Sitarski's conclusion as to his first claim regarding trial counsel's alleged failure to communicate a plea offer. Accordingly, I will review that claim *de novo* and will not re-address the other claims, apart from noting that Judge Sitarski addressed the pertinent issues thoroughly and correctly. See Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984) (holding that *de novo* review by a district court is not required where no specific objection to the report and recommendation is made).

6. As Judge Sitarski noted in her R&R, where a state court has made factual findings, including credibility determinations, those factual findings are "presumed correct on

2

[federal] habeas review, unless rebutted by clear and convincing evidence." (R&R 12 (citing 28 U.S.C. § 2254(e)(1).)

7. On January 7, 2016, the PCRA court held an evidentiary hearing on Petitioner's claim that his trial counsel failed to communicate a plea offer from the District Attorney. At the hearing, the PCRA court heard testimony from both Petitioner and Petitioner's trial counsel, Lloyd Long. Following this testimony, the PCRA court announced from the bench its findings of fact:

> THE COURT: Just a credibility issue. Okay. I'm prepared to render a finding of fact. I do find Mr. Long to have been credible and I do -- I very firmly believe he communicated this offer to [Petitioner]. So I will find as a fact that the offer was communicated. As a result of that, the issue has no merit. There is no factual basis for it. So I am going to deny that claim.

(PCRA Hrg. Tr. at 44:3–13.)

8. In her R&R, Judge Sitarski concluded that this factual finding was not unreasonable in light of the record, and that Petitioner had not rebutted the finding by clear and convincing evidence. (R&R 12–13.)

9. In his Objections to the R&R, Petitioner offers several arguments as to why the PCRA court's factual determination was unreasonable. However, none of these arguments amount to clear and convincing evidence rebutting the PCRA court's factual determination.

10. First, Petitioner argues that his trial counsel "admitted that he [had] seen Petitioner only twice prior to the start of trial and most of the communication [between them] was with Petitioner's mother." (Objections 1.) Even if true, this fact does not rebut trial counsel's testimony at the evidentiary hearing —found to be credible by the PCRA court—that he communicated to Petitioner the plea offer at issue on "at least two" occasions before trial. (PCRA Hrg. Tr. at 31:13–19.) Indeed, trial counsel testified that the first time he conveyed

3

the plea offer to Petitioner was not in person, but rather "would have been by letter or through [Petitioner's] mother." (Id. at 33:13-16.)

11. Second, Petitioner notes that trial counsel "testified that he s[aw] Petitioner during the preliminary hearing phase [of the case]" and argues that "pleas are not even prepared or discussed at that early phase." (Objections 2.) But even if that is true, trial counsel did not testify that he first conveyed the plea offer to Petitioner around the time of the preliminary hearing. Rather, trial counsel merely testified that he first *met* Petitioner in person at that time. (See PCRA Hrg. Tr. at 28:23-29:5, 32:20-33:5.)

12. Third, Petitioner notes that there was no testimony offered at the evidentiary hearing as to whether the plea offer at issue required him to "provide information on the two other alleged perpetrators" of the home invasion. (Objections 2.) But whether or not the plea offer required Petitioner to cooperate against his accomplices has no bearing on whether that plea offer was actually conveyed to Petitioner. Neither Petitioner nor trial counsel testified that there were multiple plea offers from the District Attorney. Accordingly, the specifics of the single plea offer at issue are not relevant to whether that offer was conveyed to Petitioner.

13. Fourth, Petitioner argues that the PCRA court's finding was unreasonable because "although the PCRA court . . . f[ound] trial counsel credible, the court did not explain why Petitioner's testimony was not credible." (Objections 3.) This argument is meritless. By finding that Petitioner's trial counsel was credible, and that the plea offer was, in fact, communicated, the PCRA court implicitly found Petitioner's conflicting account to be not credible. While the PCRA court did not provide a detailed rationale for that finding, it is

4

more than amply supported by the record of the evidentiary hearing, and Petitioner has not offered any evidence—much less clear and convincing evidence—to rebut it.

14. Fifth and finally, Petitioner argues that the PCRA court unreasonably credited trial counsel's testimony over his own testimony, in light of the fact that "Petitioner presented all the letters he [had] written to [trial] counsel in regards to whether a plea deal was offered," but that trial counsel "can't find the letters he sent to Petitioner." (Objections 3.)

15. This argument is also meritless. At the evidentiary hearing, Petitioner testified that he sent a letter to trial his counsel dated April 16, 2019, asking whether there was a plea offer from the District Attorney. Petitioner testified that he had a copy of this letter, which, at the PCRA court's request, he read into the record. (PCRA Hrg. Tr. at 12:13–15:20.)

16. Trial counsel testified that he had no "specific recollection" of that letter. (PCRA Hrg. Tr. at 29:6–7.) But, contrary to Petitioner's claim, trial counsel did not testify that he "c[ouldn't] find the letters he sent to Petitioner." (Objections 3.) Rather, trial counsel testified that he did not retain copies of those letters after he turned the case file over to Petitioner's new counsel, who began representing Petitioner on direct appeal. (See PCRA Hrg. Tr. at 34:6–7, 38:3–17.)

17. And, in any event, trial counsel did not definitively testify that he ever conveyed the plea offer to Petitioner by letter, but, again, testified only that the first time he conveyed the offer "would have been by letter *or through [Petitioner's] mother*." (PCRA Hrg. Tr. at 33:13–16 (emphasis added.))

18. Because none of the foregoing refutes by clear and convincing evidence the PCRA court's reasonable factual finding that the plea offer was conveyed, Petitioner's claim fails.

**WHEREFORE**, it is hereby **ORDERED** that:

5

- Petitioner's Objections (Doc. No. 19) are **OVERRULED**.

- The Report and Recommendation (Doc. No. 14) is **APPROVED** and **ADOPTED**.

- The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

- No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A) because Petitioner "has [not] made a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), since Petitioner has not demonstrated that reasonable jurists would find my assessment Petitioner's claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

- The Clerk of Court shall **CLOSE** this case.

**BY THE COURT:**

_____
**MITCHELL S. GOLDBERG, J.**